```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 09-1659(DSD/FLN)
```

Tonya Phillips,

        Plaintiff,

v.                                          **ORDER**

Minnesota State University
Mankato and Minnesota State
Colleges and Universities,

        Defendants.

> Kenneth R. White, Esq. and Law Office of Kenneth R. White, 325 South Broad Street, Suite 203, Mankato, MN 56001 and Kevin O'Connor Green, Esq. and Law Offices of Kevin O'C Green, P.A., P.O. Box 996, Mankato, MN 56002, counsel for plaintiff.
>
> David S. Merchant, Esq. and Minnesota Attorney General's Office, Suite 1100, 445 Minnesota Street, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon defendants Minnesota State University Mankato[1] ("MSUM") and Minnesota State Colleges & Universities' ("MnSCU") motion to dismiss for lack of subject-matter jurisdiction. After a review of the file, record and proceedings herein, and for the following reasons, the court grants defendants' motion.

---

[1] MSUM is a state university under the control and governance of the Board of Trustees of MnSCU. See Minn. Stat. § 136F.10.

**BACKGROUND**

In this employment-discrimination dispute, plaintiff Tonya Phillips[2] alleges that MnSCU and MSUM discriminated against her based on race, color and gender. Phillips is an African-American woman who began working for MSUM on June 1, 2007. (Am. Compl. ¶ 11.) Since October 2007, she has been the director of the MSUM College Access Program ("CAP"), which focuses on the recruitment and retention of minority and disadvantaged students. (Id. ¶ 8.)

Phillips' annual salary of $42,220 has not changed since she began working for MSUM. (Id. ¶ 10.) She alleges that she is the lowest-paid director of any program at MSUM and that the previous director of the CAP was a white male whose annual salary exceeded $90,000. (Id.) Phillips further alleges that MSUM has unfairly subjected her to investigations and heightened supervision, has not addressed her complaints of discriminatory treatment and has disciplined her for lodging the complaints. (Id. ¶¶ 12–18.)

Phillips filed a charge of employment discrimination with the Equal Employment Opportunity Commission and the Minnesota Department of Human Rights. After receiving right-to-sue letters, Phillips filed a complaint in this court on June 29, 2009. On

---

[2] The original and amended complaints included plaintiff Dalton Crayton ("Crayton"). Crayton voluntarily dismissed his action without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure on October 21, 2009. Therefore, the court does not consider defendants' arguments regarding dismissal of Crayton's claims.

2

August 18, 2009, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Phillips then filed an amended five-count complaint alleging harassment, discrimination and retaliation on the basis of race and color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1981 and 1983 and the Minnesota Human Rights Act ("MHRA") and unequal pay in violation of the Equal Pay Act of 1963 ("EPA").[3] Defendants then withdrew their 12(b)(6) motion. (Defs.' Reply Mem. 1.) The court now considers defendants' motion to dismiss Phillips' § 1981, § 1983 and MHRA claims for lack of subject-matter jurisdiction.

**DISCUSSION**

**I. Standard of Review**

A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In a facial challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the

---

[3] Phillips' amended complaint added facts to counter defendants' previously asserted 12(b)(6) motion and added a claim under the EPA. Defendants have since withdrawn their 12(b)(6) motion and do not presently challenge the EPA claim. The sovereign-immunity issues raised in defendants' 12(b)(1) motion are unchanged by the amended complaint. Furthermore, the parties do not challenge the procedural validity of the motion to dismiss. Therefore, the court determines that Phillips' amended complaint did not render defendants' 12(b)(1) motion to dismiss moot. See Pure Country Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002).

light most favorable to the nonmoving party. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("The nonmoving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6)."). In considering a facial 12(b)(1) challenge, the court limits its inquiry to the pleadings. Osborn, 918 F.2d at 729, n.6. The pleadings, however, include matters of public record. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

**II. State Sovereign Immunity**

Defendants argue that MnSCU and MSUM are instrumentalities of the state of Minnesota and that state sovereign immunity divests the court of subject-matter jurisdiction over Phillips' § 1981, § 1983 and MHRA claims. The doctrine of sovereign immunity derives from the Eleventh Amendment and prohibits an individual from suing a state, regardless of the relief sought, unless the state consents to suit or Congress abrogates state immunity. See U.S. Const. amend. XI; Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54-56 (1996); Klingler v. Dep't of Revenue, 455 F.3d 888, 893 (8th Cir. 2006) (citing Hans v. Louisiana, 134 U.S. 1, 15 (1890)). The Eleventh Amendment also bars state-law claims against an unconsenting state in federal court. Cooper v. St. Cloud State Univ., 226 F.3d 964, 968 (8th Cir. 2000). A federal court must

4

dismiss an action barred by the Eleventh Amendment for lack of subject-matter jurisdiction. See Seminole Tribe, 517 U.S. at 64-65.

Eleventh Amendment immunity only extends to instrumentalities of the state when a judgment against the instrumentality would have the same practical consequence as a judgment against the state. Hadley v. N. Ark. Cmty. Technical Coll., 76 F.3d 1437, 1438 (8th Cir. 1996). State universities and colleges "almost always enjoy Eleventh Amendment immunity" as instrumentalities of a state. Id.; see also Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618-20 (8th Cir. 1995) (equal-protection claim against MnSCU community college, § 1981 and § 1983 claims against college officials in their official capacities barred); Lewis v. St. Cloud State Univ., No. 04-4379, 2005 WL 3134064, at *11 (D. Minn. Nov. 23, 2005) ("[T]he court determines that [St. Cloud State University] is entitled to Eleventh Amendment immunity."); Latour v. Minneapolis Cmty. & Technical Coll., No. C7-00-1649, 2001 WL 185085, at *2 (Minn. Ct. App. Feb. 27, 2001) ("It is clear that [Minneapolis Community and Technical College] is part of MnSCU and that MnSCU is an arm of the state."). The court must, however, examine the nature of the particular entities in question. Greenwood v. Ross, 778 F.2d 448, 453 (8th Cir. 1985) (quotation and citation omitted).

The court applies a two-part test to determine whether MnSCU and MSUM are entitled to Eleventh Amendment immunity. See Hadley,

76 F.3d at 1438-42. First, the court considers whether the state treasury is liable to pay a legal judgment against MnSCU or MSUM. Id. at 1439. Second, the court considers the degree of local control and autonomy exerted over these institutions. Id.

Phillips argues that the facts needed to examine the nature of MnSCU and MSUM are not before the court. Information necessary to assess the Hadley factors as related to MnSCU and MSUM, however, is a matter of public record contained in Minnesota statutes and is properly considered by the court. See Porous Media, 186 F.3d at 1079. First, the public record indicates that the state treasury funds MnSCU and MSUM. See Minn. Stat. § 135A.01 (stating Minnesota policy to "provide at least 67 percent of the combined revenue" for MnSCU institutions). Accordingly, a judgment against MnSCU or MSUM exposes the state treasury to liability, and the first Hadley factor weighs in favor of finding MnSCU and MSUM to be instrumentalities of the state of Minnesota.

The public record also indicates that MnSCU and MSUM are controlled by the state. The Board of Trustees of the Minnesota State Colleges and Universities ("Board") consists of fifteen members appointed by the governor with the advice and consent of the Minnesota senate. See id. § 136F.02. The Board "posses[es] all powers necessary to govern the state colleges and universities" including setting tuition and fees, approving programs of study and curriculum, reviewing and approving requirements for completing

6

programs and appointing the president and teachers of MSUM. See id. §§ 136F.06, 136F.30, 136F.40, 136F.70; cf. Hadley, 76 F.3d at 1441-42 (second factor satisfied even when state statute created local board to develop educational program, appoint faculty and president and enter contracts). Accordingly, the court determines that MnSCU and MSUM are instrumentalities of the state of Minnesota for purposes of the Eleventh Amendment.

**III. Statutory Claims**

The court next considers whether Minnesota has consented to suit or Congress has abrogated state immunity under § 1981, § 1983 and the MHRA. A state may consent only by "unmistakable and explicit waiver" of its sovereign immunity. Thomas v. FAG Bearings Corp., 50 F.3d 502, 506 (8th Cir. 1995) (citing Edelman v. Jordan, 415 U.S. 651, 673 (1974)). Congress may only abrogate state sovereign immunity if it "unequivocally expresse[s] its intent to abrogate the immunity ... pursuant to a valid exercise of power." Seminole Tribe, 517 U.S. at 55 (citations and quotations omitted).

**A. Sections 1981 and 1983**

Minnesota has not waived its sovereign immunity from § 1981 or § 1983 claims. Cf. Minn. Stat. § 1.05 (waiving state immunity from Age Discrimination in Employment Act, Fair Labor Standards Act, Family and Medical Leave Act and Americans with Disabilities Act claims). Furthermore, Congress did not abrogate the states' sovereign immunity when it enacted § 1981 or § 1983. See Will v.

Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (state not a person for purposes of § 1983); Quern v. Jordan, 440 U.S. 332, 345 (1979) (Congress did not abrogate state sovereign immunity when enacting § 1983); Bakhtiari v. Lutz, 507 F.3d 1132, 1138 (8th Cir. 2007) (state university officials entitled to immunity in § 1981 claim); Singletary v. Mo. Dep't of Corrs., 423 F.3d 886, 890 (8th Cir. 2005) ("We agree with our sister circuits and conclude that the [state agency] is immunized from any claim ... brought under § 1981."); Edgerdahl, 72 F.3d at 619-20 (community college officials entitled to immunity in § 1981 claim). Accordingly, MnSCU and MSUM are immune from Phillips' § 1981 and § 1983 claims, and the court must dismiss those claims.

**B. MHRA**

A state only waives its Eleventh Amendment immunity from state-law claims in federal court "where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." Cooper, 226 F.3d at 969 (quotation and citations omitted). A general waiver of immunity is not sufficient. Id. (citation omitted). The Eighth Circuit has held that Minnesota is immune from MHRA claims in federal court. Id.; see Lewis, 2005 WL 3134064, at *11. Further, the court finds no express language or overwhelming implication of

8

waiver in the MHRA.  Cf. Minn. Stat. § 363A.  Accordingly, MnSCU and MSUM are immune from Phillips' MHRA claim in federal court, and the court must dismiss the claim.

## CONCLUSION

Therefore, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss for lack of subject-matter jurisdiction [Doc. No. 2] is granted;

2. Phillips' § 1981, § 1983 and MHRA claims are dismissed;

3. Defendants' answers to Phillips' Title VII and EPA claims are due within fourteen days of the filing of this order.

Dated:  December 17, 2009

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court